UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AVELARDO SANCHEZ ROBLERO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:26-CV-1267-CCB-SJF |

**OPINION AND ORDER**

Immigration detainee Avelardo Sanchez Roblero, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. (ECF 1.)

Mr. Sanchez Roblero is a citizen of Mexico who entered the United States without inspection sometime around 2023. (*Id.* at 2.) He came to the attention of immigration officials in 2026 and removal proceedings were initiated against him following a traffic stop by local law enforcement in Indiana. (ECF 7-1 at 7-8.) In August 2026, he was taken into custody by agents of United States Immigration and Customs Enforcement (ICE) in Indiana pursuant to an administrative warrant. (*Id.* at 9.) He is presently detained at Miami Correctional Facility pending the outcome of his removal proceedings. (ECF 1 at 2.) He asserts that immigration officials have not given him an opportunity for release on bond because they view him as ineligible for bond under 8 U.S.C. § 1225(b)(2). (*Id.*) He argues that his detention without an opportunity for bond violates applicable statutes and the Due Process Clause of the Fifth Amendment. (*Id.* at

10-13.) He seeks immediate release from custody or a prompt bond hearing before an immigration judge. (*Id.* at 14.)

In an order to show cause, the court directed the Warden to address the petition in light of *De Jesús Aguilar v. English*, No. 3:25-CV-898 DRL-SJF, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025), and subsequent cases, which joined the overwhelming majority of other district courts in concluding that § 1225(b)(2) does not apply to noncitizens who are not "seeking admission" at a port of entry and are instead arrested within the interior of the United States. (ECF 3.) The parties were instructed only to brief "what is different or new, not what has been decided, and those issues particular to this petitioner." (*Id.* at 4.) The Warden filed an answer (ECF 7), and Mr. Sanchez Roblero filed a reply (ECF 8).

The Seventh Circuit recently joined a number of other courts in holding that "[a]liens present in the country without admission and not 'seeking admission' fall under Section 1226, not Section 1225(b)(2)(A), and are eligible for bond hearings subject to the INA's other requirements."[1] *Cirrus Rojas v. Olson*, ___F.4th___, 2026 WL 2198315,

[1] A different panel of the Seventh Circuit concluded last year in ruling on a stay motion that the government was unlikely to succeed on its argument that the mandatory detention provision in § 1225(b)(2) applies to noncitizens arrested by ICE in the interior of the United States. *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025). A split panel subsequently affirmed the judgment of the district court in part, but there was no majority consensus on the issue of whether 8 U.S.C. § 1225(b)(2) permits the mandatory detention of all noncitizens present in the United States without legal status. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828 (7th Cir. 2026). One judge rejected the government's interpretation and another adopted it, while the third judge concluded there was no basis to reach that issue. *Id.* The Second, Sixth, Ninth, Tenth, and Eleventh Circuits have rejected the government's interpretation of § 1225(b)(2), whereas the Fifth and Eighth Circuits have approved it. *See Rodriguez Vazquez v. Bostock*, ___F.4th___, 2026 WL 2196424 (9th Cir. July 30, 2026); *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026); *Hernandez Alvarez v. Warden*, 175 F.4th 1258 (11th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

at *2 (7th Cir. July 30, 2026); *see also Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.); *Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.). In light of this decision, the Warden concedes that Mr. Sanchez Roblero's detention is governed by 8 U.S.C. § 1226, the "default rule" for detention of noncitizens who are "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), which entitles him to an individualized bond hearing. (ECF 7.) The Warden nevertheless argues that Mr. Sanchez Roblero must request a hearing and otherwise exhaust his administrative remedies before being granted habeas relief. (*Id.* at 2.) Mr. Sanchez Roblero counters that exhaustion should be excused under the circumstances. (ECF 8.)

The "general rule" is that parties must "exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) (superseded by statute on other grounds). "[E]xhaustion of administrative remedies is not statutorily mandated" in cases brought under § 2241. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (citation omitted). Therefore, whether to require exhaustion is a matter of "sound judicial discretion." *Id.* The court may require administrative exhaustion in § 2241 cases challenging a noncitizen's detention as a matter of judicial economy or administrative comity, but "individual interests demand that exhaustion be excused when . . . appealing through the administrative process would be futile because the agency . . . has predetermined the issue." *Id.* (citation omitted).

Mr. Sanchez Roblero argues that it would be futile for him to exhaust, but in light of the Seventh Circuit's recent opinion in *Cirrus Rojas*, futility is no longer reasonable to presume. The Warden concedes that he is entitled a bond hearing under *Cirrus Rojas*, and principles of judicial estoppel would limit the government's ability to advance a different position in immigration court. *See Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006). Without knowing whether the government will afford him a bond hearing if he asks for one, it would be premature to grant him habeas relief. *See Kane v. Zuercher*, 344 F. App'x 267, 269 (7th Cir. 2009) (declining to excuse § 2241 habeas petitioner from exhausting and observing that he "may well be correct that the [agency's] hands are tied, but he also may be mistaken. Until he asks, we cannot know whether [the agency] may yet be able to grant some relief.").

He suggests that it would be unfair to require exhaustion because the government kept him detained for the past month without affording him a bond hearing. However, the purpose of a habeas corpus action is not to compensate the petitioner for a past injury or punish the respondent for wrongdoing; it is solely to determine whether the petitioner's current detention is lawful. *See* 28 U.S.C. § 2241; *see also U.S. ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923) ("A writ of habeas corpus is not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody[.]") (internal quotation marks omitted), *limited on other grounds by I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984). Notwithstanding the government's prior policy of

mandatory detention, it appears he can now obtain relief within the agency pursuant to *Cirrus Rojas*.

He also expresses concern that the agency might delay in deciding a request for bond if he files one, but the agency's own rules provide that hearings on such motions must be scheduled "for the earliest possible date." Immig. Ct. Practice Manual § 9.3(d). If he experiences "unreasonable delay" in the administrative proceedings, this could provide grounds for the court to find futility of such remedies at a later date. *See Gonzalez*, 355 F.3d at 1016. However, his speculation about what could occur does not warrant dispensing with the exhaustion requirement. *See Kane*, 344 F. App'x at 269.

He also points out that the agency cannot adjudicate his Due Process claim, but this does not excuse him from exhausting. A petitioner is not permitted to skip the administrative process "by simply reconstituting his claim as constitutional and claiming futility." *Gonzalez*, 355 F.3d at 1018; *see also Mojsilovic v. INS*, 156 F.3d 743, 748 (7th Cir. 1998) ("Although due process claims do not usually require exhaustion because the [BIA] cannot adjudicate constitutional issues, the requirement applies when the petitioner's claim involves procedural errors correctable by the administrative tribunal.") (citation and internal quotation marks omitted). If he has a bond hearing, he might prevail before an immigration judge or be able to obtain relief from the Board of Immigration Appeals. 8 C.F.R. §§ 236.1(d)(3), 1236.1(d)(3). A favorable outcome in the administrative proceedings could obviate the need to reach his Due Process claim or, at a minimum, alter its factual basis. *See Z.G. v. Olson*, ___F. Supp.3d___, 2026 WL 1279081, at *2-4 (N.D. Ind. May 11, 2026) (Leichty, J.) (requiring exhaustion of administrative

remedies in context of immigration bond determination even though petitioner raised Due Process claim, because "his entitlement to more procedure or outright release as a gloss from constitutional understandings of due process may change based on how his status and individual interests change (or become moot altogether) based on administrative proceedings").

Although he asks for outright release, it is for the Attorney General to decide whether release is warranted under the circumstances presented by this case. *See* 8 U.S.C. § 1226; *see also Bolante v. Keisler*, 506 F.3d 618, 621 (7th Cir. 2007) (federal court's inherent authority to release individuals seeking habeas corpus relief is curtailed by statutory structure that applies in immigration cases). The appropriate course is to require Mr. Sanchez Roblero to exhaust a request for bond within the agency. If he does not obtain relief through the administrative process, he is free to file a new petition.

For these reasons, the petition (ECF 1) is **DISMISSED WITHOUT PREJUDICE** for lack of exhaustion. The clerk is **DIRECTED** to enter final judgment and to close this case.

SO ORDERED on September 10, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT